

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00121-CR

STANLEY ALFRED FREEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 114-0913-12

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Stanley Alfred Freeman pled guilty to fraud with the intent to obtain a controlled substance[1] and was placed on eight years' deferred adjudication community supervision.[2] Subsequently, the State filed a motion to adjudicate guilt, alleging that Freeman had committed three different violations of the conditions of his community supervision. Freeman pled true to each of the alleged violations, and following the presentation of evidence, the trial court entered a judgment adjudicating guilt and sentencing Freeman to five years' incarceration. Freeman appeals.

Freeman's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel forwarded copies of his brief and motion to withdraw to Freeman and informed him of his rights to review the appellate record and to file a pro se response to counsel's brief,

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.129 (West 2017).

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

should he so desire.  Additionally, counsel provided Freeman with a motion to obtain access to the record.  By letter dated September 10, 2018, this Court advised Freeman that the signed motion for access to the record was due on or before September 25, 2018.  By letter dated September 18, 2018, Freeman was advised that his pro se response was due on or before October 18, 2018.  By letter dated October 23, 2018, Freeman was advised that the case would be submitted on November 13, 2018.  Freeman did not file the motion for access to the record, a pro se response, or a motion requesting an extension of time in which to file either the motion or the response.

We have determined that this appeal is wholly frivolous.  We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment.  *Id.*

We affirm the judgment of the trial court.[3]


Bailey C. Moseley
Justice

Date Submitted:     November 13, 2018
Date Decided:     November 29, 2018

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.